UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CHARLES MANUEL BISUANO, | ) | No. CV-12-00090-CI |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN, Commissioner of Social Security,[1] | ) ) ) | |
| Defendant. | ) ) ) | |

BEFORE THE COURT are cross-motions for Summary Judgment.  ECF No. 15, 16.  Attorney Maureen J. Rosette represents Charles Manuel Bisuano (Plaintiff); Special Assistant United States Attorney Kathryn A. Miller represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Summary Judgment.

## JURISDICTION

On November 13, 2008, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, along with a Title XVI application for supplemental security income alleging disability in both claims beginning June 1, 2004.  Tr. 23; 146.  Plaintiff reported that he could not work due to problems with his back and left arm, diabetes, vision problems, depression, suicidal ideation, arthritis, high blood pressure, obesity and a lack of reading and writing skills.  Tr. 149.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ).  Tr. 81-123.  A hearing was held on April 9, 2010, at which vocational expert Daniel R. McKinney and Plaintiff, who was represented by counsel, testified. Tr. 46-80.  ALJ James W. Sherry presided.  Tr. 46.  At the hearing, Plaintiff agreed to amend the onset date to April, 2008.  Tr. 50-52. The ALJ denied benefits on April 21, 2010.  Tr. 23-38.  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 54 years old, and living in an apartment with his wife and 23 year-old daughter.  Tr. 52-53.  He has an eighth-grade education and he can perform simple reading, writing and math. Tr. 53.

Plaintiff's work experience includes working for a print shop, moving rolls, unloading pallets and driving a forklift.  Tr. 55-56. Plaintiff stopped working because the printing plant closed.  Tr.

55.

Plaintiff is five-foot seven inches tall, and he weighs 229 pounds.  Tr. 52.  He testified that his back hurts all the time, and the pain makes his legs wobbly and his left arm tingly.  Tr. 59.  He also said he suffers from sharp pains in his stomach.  Tr. 59-60.  Plaintiff testified that his prescribed medications make him tired, and he does not sleep well.  Tr. 61.  He said that he has diabetes, his eyesight is poor, his left shoulder is impaired and he cannot lift his arm.  Tr. 61.  He testified that he is unable to bend over.  Tr. 62.  Plaintiff said he can do a little bit of vacuuming before he gets too tired.  Tr. 63.  He said he spends at least half of each day watching television and lying on the couch.  Tr. 64.

Plaintiff said that he used "crystal meth" for about four to five years while he was homeless in California.  Tr. 67.  He said he has been clean for about three years.  Tr. 66.

## ADMINISTRATIVE DECISION

At step one, ALJ Sherry found that Plaintiff had not engaged in substantial gainful activity since May 1, 2008.  Tr. 25.  At step two, he found Plaintiff had the severe impairments of rheumatoid arthritis, arthritis of left hand and shoulder; lumbar degenerative arthrosis and spondylosis; diabetes; exogenous obesity; hypertension; and hypercholesterolemia.  Tr. 25.  At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  Tr. 27.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

He is unlimited in his ability to push and pull within the lifting restrictions. He should never climb ladders, ropes, and scaffolds, and he can occasionally climb stairs and ramps. He can occasionally stoop, kneel, and craw[l] [sic]. He can frequently balance and crouch. He should avoid concentrated exposure to moving machinery and unprotected heights. He can perform work tasks involving one and two step instructions.

Tr. 29-30. In step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC assessment. Tr. 31. The ALJ found that Plaintiff is incapable of performing past relevant work. Tr. 36. After considering Plaintiff's age, education and work experience, and residual functional capacity, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform, such as small products assembler, table worker, and packer inspector. Tr. 37.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed

*de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the

claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

### ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff argues that the ALJ erred by failing to properly weigh the medical evidence. ECF No. 15 at 13-14.

### DISCUSSION

Plaintiff contends the ALJ erred by rejecting the September, 2008, assessment from Diane C. Beernink, ARNP, that indicated Plaintiff was limited to sedentary work.[2] ECF No. 15 at 13-14. In evaluating a disability claim, the ALJ must consider evidence from medical sources. 20 C.F.R. §§ 404.1512, 416.912. Only "acceptable medical sources" such as physicians and psychologists may establish an impairment. 20 C.F.R. §§ 404.1513, 416.913. The ALJ is also required to consider evidence from "other sources" which are not acceptable medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d); S.S.R. 06-03p. "Other sources" include nurse practitioners,

---

[2]The ALJ gave significant weight to Ms. Beernink's letter dated August 26, 2009, that indicated Plaintiff could no longer work as a warehouse worker or fork lift operator. Tr. 36.

physician assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232. An ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993). Ms. Beernink is a nurse practitioner and an "other source" under 20 C.F.R. § 404.1513(d). The ALJ may therefore reject her opinion by providing germane reasons. See *Dodrill*, 12 F.3d 915.

Diane Beernink, ARNP, examined Plaintiff on September 11, 2008. Tr. 242-50. As a result of that evaluation, Nurse Beernink opined that Plaintiff was limited to sedentary work. Tr. 243. The ALJ gave this evaluation "little weight." Tr. 36. As the ALJ noted, this was Nurse Beernink's first evaluation of Plaintiff and Plaintiff had not yet obtained a diagnosis from an acceptable medical source related to his shortness of breath, joint pain and lumps on his sternum. Tr. 36. As noted above, only an acceptable medical source can establish the existence of a medically determinable impairment and provide medical opinions. See 20 C.F.R. §§ 404.1502, 416.902. As a result, the ALJ did not err by giving little weight to the diagnoses by a non-accepted medical source.

Plaintiff also argued that because Ms. Beernink worked "in conjunction with medical doctors," specifically Jeff Butler, M.D., and Pavel Conovalciuc, M.D., the nurse's opinion should have been

treated as an opinion from an accepted medical source under *Gomez*. However, Plaintiff's reliance upon *Gomez* is misplaced.  The Social Security Regulation[3] relied upon in the *Gomez* ruling has been amended and no longer includes "interdisciplinary team," under the definition of "acceptable medical sources." See 20 C.F.R. §§ 404.1513(a)(1-5), 416.913(a) (1-5).  *Gomez* therefore does not apply.

Furthermore, while Plaintiff asserts that Ms. Beernink worked "in conjunction with" other doctors, Plaintiff failed to identify evidence in the record to support this claim.  On independent review, the record provides no support for the claim that Ms. Beernink worked "in conjunction with" medical doctors in providing Plaintiff's care.  Additionally, neither Dr. Butler nor Dr. Conovalciuc offered opinions about Plaintiff's ability to sustain work.  Tr. 352-53; 369-70.  In sum, *Gomez* does not support Plaintiff's argument, and the ALJ provided a germane reason for giving little weight to Ms. Beernink's assessment of Plaintiff's ability to work.

The ALJ also rejected Ms. Beernink's opinion because the physical exam did not support her conclusion that Plaintiff was limited to sedentary work.  Tr. 36.  The exam notes indicate Ms. Beernink found Plaintiff had full range of motion in his right shoulder, and a reduced range in his left shoulder.  Tr. 247.  He also had full grip strength in both hands, as well as full strength in his legs and feet.  Tr. 247.  Ms. Beernink noted that Plaintiff walked "fluidly without assistive device."  Tr. 247.  In short, the exam notes do not reveal objective medical evidence that limits

---

[3]20 C.F.R. § 416.913(a)(6).

Plaintiff to sedentary work. A discrepancy between chart notes reflecting observations regarding a patient and a physician's assessment of the patient's physical abilities is a "clear and convincing" reason for not relying on the doctor's opinion regarding the patient's limited abilities. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ's rejection of Ms. Beernink's opinion that Plaintiff could perform only sedentary work was based upon a permissible determination within the ALJ's province.

Finally, Plaintiff complains that the ALJ relied upon only the opinion of a single decision maker who is not a doctor or medical consultant. ECF No. 15 at 13-14. However, Plaintiff failed to provide briefing, analysis, authority, or argument other than the bare assertion. As a result, the court may not review this issue. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)(court will not consider matters on appeal that are not specifically and distinctly argued).[4]

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15,** is

---

[4]Moreover, it appears the issue is without merit – the ALJ explicitly relied upon the opinion of Alfred Scottolini, M.D., in determining Plaintiff's RFC. Tr. 35; 348.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1  **DENIED.**

2        The District Court Executive is directed to file this Order and

3  provide a copy to counsel for Plaintiff and Defendant. Judgment

4  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

5        DATED July 11, 2013.

6

7                      ___S/ CYNTHIA IMBROGNO___
                       UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10